# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MIKRON DIGITAL IMAGING, INC.,     Case No. 2:16-cv-13134
a Michigan corporation,     Hon.

      Plaintiff,

v.

      **JURY TRIAL DEMANDED**

OMEGA MEDICAL IMAGING, INC.,
a Florida corporation,

      Defendant.

---

**H. JOEL NEWMAN, PLLC**
H. Joel Newman (P38459)
hjn@hjoelnewman.com
370 E. Maple Road, 3rd Floor
Birmingham, Michigan  48009
Phone: 248.723.1238
*Attorneys for Plaintiff*

**ROSSMAN SAXE, P.C.**
Mark C. Rossman (P63034)
mark@rossmansaxe.com
Brian M. Saxe (P70046)
brian@rossmansaxe.com
2145 Crooks Road, Suite 220
Troy, Michigan  48084
Phone: 248.385.5481
*Attorneys for Plaintiff*

---

# PLAINTIFF'S COMPLAINT

Plaintiff, Mikron Digital Imaging, Inc. ("Plaintiff" or "Mikron"), through its attorneys, H. Joel Newman, P.L.L.C. and Rossman Saxe, P.C., and for its Complaint and Jury Demand against Defendant Omega Medical Imaging, Inc. ("Omega" or "Defendant"), states as follows:

## BASES OF LIABILITY AND DAMAGES

1. This case arises out of a breach of contract by Defendant Omega, and its subsequent tortious conduct in pushing Plaintiff Mikron out of two markets, one in Michigan and one in Illinois.

2. The parties' business relationship commenced in 2010, when they entered into the contract entitled "Omega Medical Imaging, Inc. Three (3) Year Dealership Agreement." (This "Dealership Agreement" is attached hereto as Exhibit 1, and incorporated *in toto* by reference).

3. Omega is a large manufacturer and distributor of sophisticated medical imaging equipment, such as X-ray C-Arm imaging systems for Cardiology and Interventional Endoscopy. Omega touts its acclaim on its website:

> We're the only manufacturer in the world who specializes in fluoroscopic systems designed from the ground up for special therapeutic procedures. Our list of growing references includes prestigious physicians and healthcare systems and providers around the world. We deliver high quality, performance, flexibility, ease-of-use and cost effective solutions right here in sunny Florida.

4. Omega's dealings with Mikron were far from sunny, however.

5. Mikron is a Michigan-based dealer of this medical imaging equipment, and, through tremendous effort and investment, Mikron developed a substantial customer base, which, as will be explained below, has been damaged by the tortious and otherwise unlawful conduct of Defendant Omega.

6. When Omega determined that it would be more profitable to shove Mikron out of the deal and deliver its imaging equipment "direct" to the purchasers, on August 4, 2016, Omega wrongfully terminated the Dealership Agreement and foisted an untenable and one sided "separation agreement" upon Mikron.

7. Then, Omega moved in on Mikron's customer base in the exclusive sales territories it had granted to its "channel partner" in the Dealership Agreement, essentially "cutting out the middle man" and usurping the fruits of Mikron's performance under the contract and its business relationships and expectancies.

## *JURISDICTIONAL ALLEGATIONS*

8. Plaintiff Mikron is a Michigan corporation with its principal place of business and registered office in Livonia.

9. Defendant Omega is a Florida corporation with its principal place of business at 675 Hickman Circle, Sanford, Florida 32771.

10.  This Court has diversity jurisdiction over this matter pursuant to 28 USC § 1332 because it involves citizens of different states, and damages in excess of $75,000.

11.  Venue is proper in this district under 28 U.S.C. § 1391 because: (i) Defendant conducts substantial business in this district and has intentionally availed itself of the laws and markets of this district; and/or (ii) the majority of the acts and transactions giving rise to this action occurred in this district.

### *GENERAL ALLEGATIONS AND AVERMENTS OF FACT*

12.  Plaintiff is a distributor and servicer of medical imaging equipment throughout the Midwest, and, in particular, in the regions of Michigan and Northern Illinois, which constituted its exclusive territory to distribute and service Omega's products.

13.  Over the years, Mikron has heavily invested in the development of a substantial customer base, which Omega has set out to usurp for its own benefit, to the detriment of Mikron.

14.  Defendant Omega specializes in the manufacture of this imaging equipment, and it entered into the Dealership Agreement in order to move and service its product to and in the market in the exclusive territories it granted to Mikron.

15. It is believed that Omega has entered into similar contracts with other dealers throughout the country and world, and that it has engaged in a pattern and practice of terminating them once the market is developed and Omega could deliver "direct" with relative ease.

16. The Dealership Agreement was perpetually renewable each year on the condition that Mikron met or exceeded a certain minimum annual sales performance, and Omega was not permitted to unilaterally terminate it at its discretion.

17. In 2015, Omega demanded that Mikron enter into an agreement under which it would pay substantial additional fees to Omega in direct contravention of the Dealership Agreement.

18. Mikron refused to enter into the new agreement.

19. Omega then threatened to start calling on Omega's customers directly and to interfere with Mikron's ongoing relationships and service contracts with Mikron's customers.

20. On August 4, 2016, Omega issued a purported letter of termination, failing to cite any valid justification for its decision.

21. Omega also worked with another dealer to sell products inside Mikron's exclusive territory.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiff restates all allegations as set forth herein.

23. As stated, on October 5, 2010, Defendant Omega entered into a valid and binding contract with Plaintiff Mikron concerning the sales and distribution of certain medical imaging equipment manufactured by Defendant in Florida.

24. The agreement was supported by good and valid consideration.

25. Mikron fully performed its obligations under the Dealership Agreement.

26. Defendant Omega breached its obligations under the Dealership Agreement, by, *inter alia*, terminating it and otherwise performing in bad faith, including by engaging in actions designed to squeeze Mikron out of the marketplace and withhold consideration it was due.

27. As a direct and proximate result of Defendant Omega's breach of the Dealership Agreement, by this and other conduct, Plaintiff Mikron has incurred substantial damages.

## COUNT II
## TORTIOUS INTERFERENCE WITH
## BUSINESS RELATIONSHIPS AND EXPECTANCIES

28. Plaintiff restates all allegations as set forth herein.

29. As stated, subsequent to the wrongful termination of the Dealership Agreement, Defendant Omega has moved into Plaintiff Mikron's exclusive

markets, which markets Mikron invested substantial capital into developing for purposes of delivering the Omega product.

30. As such, Mikron had very well established and valid business relationships and expectancies with actual and potential purchasers of this product in Michigan and Northern Illinois.

31. In furtherance of its scheme to step into Plaintiff Mikron's markets and usurp its business of selling Omega product, Defendant Omega capitalized on its breach of contract by engaging in an intentional interference which induced or caused a breach or termination of the relationship or expectancy.

32. As a direct and proximate result of Defendant Omega's unlawful conduct, Plaintiff Mikron has incurred substantial damages.

33. Defendant Omega's conduct in furtherance of its schemes, as described herein, has at all times been wonton, willful, and malicious, thereby causing substantial harm to the reputation of Plaintiff Mikron and warranting an award of exemplary damages.

34. The individual agents of Defendant Omega (not *yet* named as parties in this lawsuit) who have engaged in this tortious conduct are personally liable for their own torts.

# COUNT III
# UNJUST ENRICHMENT

*(Pled in the alternative to any express contract claims set forth herein)*

35.   Plaintiff restates all allegations as set forth herein.

36.   As set forth herein, Defendant Omega usurped a substantial amount of revenue (both present and prospective) from Plaintiff Mikron.

37.   As such, Omega has been enriched to the detriment of Mikron in an inequitable manner, and its ill-gotten gains should be disgorged.

38.   It is inequitable for Omega to retain those benefits without paying for them.

39.   Therefore, Mikron is entitled to recover, among other things, the reasonable value of that which has been misappropriated by Omega.

**WHEREFORE,** Plaintiff requests, as to all of the counts set forth herein, Judgment against Defendant in whatever amount Plaintiff is found to be entitled, plus interest, costs and attorney fees, and any other relief, including declaratory and injunctive, to which Plaintiff is found to be entitled.  Plaintiff further requests a trial by jury as to all counts set forth herein.

        Respectfully submitted,

        **H. JOEL NEWMAN, PLLC**
        *Attorneys for Plaintiff*

By:   s/ H. Joel Newman
       H. Joel Newman (P38459)
       hjn@hjoelnewman.com
       370 E. Maple Road, 3rd Floor
       Birmingham, Michigan  48009
       Phone:  248.723.1238


       **ROSSMAN SAXE, P.C.**
       *Attorneys for Plaintiff*

By:   s/ Mark C. Rossman
       Mark C. Rossman (P63034)
       mark@rossmansaxe.com
       Brian M. Saxe (P70046)
       brian@rossmansaxe.com
       2145 Crooks Road, Suite 220
       Troy, Michigan  48084
       Phone:  248.385.5481

Dated:  August 30, 2016